# THE STATE OF NORTH DAKOTA EX REL. JOHN E. WIL-LIAMS v. PAUL S. MEYER, as County Auditor of M'Lean County, North Dakota.

### (127 N. W. 834.)

**Constitutional Law — Primary Election — Classification of Senators — Legislature — Its Right to Pass upon Qualification of its Members — Power to Compel Filing of Petition — Courts — Powers of Courts as to Election of Members of Legislature — Mandamus.**

Section 27 of the Constitution fixes the term of state senators at four years, "except as hereinafter provided." Section 29 authorizes the legislative assembly to fix the number of senators, and divide the state into senatorial districts, with one senator for each district. Section 30 requires the senatorial districts to be numbered consecutively from one upward, and the senators to be divided into two classes, one class composed of senators from even-numbered districts and the other from odd-numbered districts, and that the determination of the two classes shall be by lot so that one half of the senators, as nearly as practicable, may be elected bienially, and that one class elected in the year 1890 shall hold their office for two years and the other for four years. Section 35 requires a reapportionment of the senatorial districts commencing with 1895 and every five years thereafter, and permits it at other times. The senate of the second legislative assembly elected in 1890 divided that body into two classes. The senators in the odd-numbered districts elected in 1890 held office two years and those from the even-numbered districts for four years. As originally districted, the senate was composed of thirty-one senators representing thirty-one senatorial districts. In 1901 a reapportionment was made, and the number of senatorial districts increased to forty. In 1907 the number was again increased to forty-seven.

*Held*, that the governing principle of these provisions of the Constitution is the requirement that the senate be at all times composed of two classes of senators, as nearly equal in number as practicable. *Held*, further, that the expiration of the term of senators depends upon the original classification made in 1891, and that the terms of senators elected from districts created by reapportionment and at the same time with those of the same class elected from the old districts, thus making the terms of senators from all even-numbered districts expire simultaneously, and those from all odd-numbered districts expire two years later. *Held*, further, that the courts have power to direct the county auditor to file the petition of a candidate for senator and direct the publication of his name upon a ballot to be used at the primary election. *Held*, further, that § 47 of the Constitution, which provides that each house shall be the judge of the election returns and qualifications of its own members, is not infringed upon by courts in passing upon the duties of county auditors in

the matter of filing petitions for nomination and printing names upon ballots, and that, under the circumstances of this case, the omission to join the secretary of state as a party defendant was not fatal to relator's right to a writ commanding the auditor to file his petition, and print his name upon the primary ballot.

Opinion filed September 14, 1910.

An application for an original writ directing the auditor of McLean county to file a petition of the relator and print his name upon the Republican ballot for use at the primary election of 1910.

Writ granted.

*Hyland & Neussle* and *Guy C. H. Corliss,* for relator.

*J. E. Nelson* and *Jas. T. McCulloch,* for defendant.

Spalding, J.   The question to be determined on this application is the length of the term of a state senator from an even number district elected at the general election held in 1908, when such district was created by the reapportionment of senatorial districts made at the session of the legislative assembly held in 1907.   The relator is a Republican candidate for nomination at the June, 1910, primary election from the forty-sixth district.   One Neal was elected as the senator for that district at the general election in 1908, and received a certificate reciting that he was elected for a term of four years.   The secretary of state certified no vacancy in that office to the county auditor between the first days of April and May, as he is required to do when a vacancy exists, and the county auditor refuses to file relator's petition which is in due form, or to print his name upon the official Republican ballot for use at the primary.   § 10, chap. 109, Laws of 1907.   The relator's contention is that, although Neal duly qualified and acted and the certificate read as stated, his term of office expired at the end of two years.

A complete understanding of the question requires reference to certain constitutional provisions, and to the acts of the legislative assembly intended to carry them into effect, and to the different acts of that body reapportioning the state into senatorial districts, and increasing their number.   Section 26 of the Constitution reads: "The senate shall be composed of not less than thirty nor more than fifty members."   Section 27: "Senators shall be elected for the term of

four years, except as hereinafter provided." Section 29: "The legislative assembly shall fix the number of senators and divide the state into as many senatorial districts as there are senators, which districts, as nearly as may be, shall be equal to each other in the number of inhabitants entitled to representation. Each district shall be entitled to one senator, and no more, and shall be composed of compact and contiguous territory; and no portion of any county shall be attached to any other county or part thereof so as to form a district. The districts, as thus ascertained and determined, shall continue until changed by law." Section 30: "The senatorial districts shall be numbered consecutively from one upwards according to the number of districts prescribed, and the senators shall be divided into two classes. Those elected in the districts designated by even numbers shall constitute one class, and those elected in districts designated by odd numbers shall constitute the other class. The senators of one class elected in the year 1890 shall hold their office for two years. Those of the other class shall hold their office four years, and the determination of the two classes shall be by lot, so that one half of the senators, as nearly as practicable, may be elected biennially."

Section 35: "The members of the house of representatives shall be apportioned to and elected at large from each senatorial district. The legislative assembly shall in the year 1895 and every tenth year cause an enumeration to be made of all the inhabitants of this state, and shall, at its first regular session after each enumeration, and also after each Federal census, proceed to fix by law the number of senators which shall constitute the senate of North Dakota and the number of representatives which shall constitute the house of representatives of North Dakota within the limits prescribed by this Constitution, and at the same session shall proceed to reapportion the state into senatorial districts as prescribed by this Constitution and to fix the number of members of the house of representatives to be elected from the several senatorial districts, provided that the legislative assembly may at any regular session redistrict the state into senatorial districts and apportion the senators and representatives respectively."

Section 47: "Each house shall be the judge of the election returns and qualifications of its own members."

The first legislative assembly was elected in October, 1889, at the

election at which the Constitution was adopted, and in accordance with its provisions. The Constitution took effect on the 2d day of November 1889, and § 214 fixed the size of the two branches of the legislative assembly until otherwise provided by law, the senate containing thirty-one members as so fixed. The terms of the senators first elected all expired in January, 1891, and in 1890 a new senate and a new house of representatives were elected, and on the drawing of lots as required by § 30, supra, the senators elected in 1890 in odd-numbered districts, held office two years and those in the even-numbered districts four years.

By chapter 143 of the Laws of 1901 the legislative assembly reapportioned the state and increased the number of senatorial districts from thirty-one to forty, and by chapter 165, Laws of 1907, the state was again reapportioned and the number of senatorial districts increased to forty-seven. It was in the forty-sixth district, so created, that Neal was elected in 1908 and that the relator seeks a nomination for senator in 1910. If all senators elected at general elections after 1890 are elected for the terms of four years, Neal's term of office has not expired and the relator is not entitled to have his petition filed or his name printed on the Republican primary election ballot. On the one hand it is contended that the provisions of § 27, supra, that senators shall be elected for the term of four years, controls, while the relator urges that the exception to that section, namely, "except as hereinafter provided," applies in this instance; that the provision of § 30, that the senators shall be divided into two classes,—those in the even-numbered districts constituting one class, and those in the odd-numbered districts the other class,—so that one half of the senators, as nearly as practicable, may be elected biennially, is controlling. We are of the opinion that the contention of the relator must be sustained. It was the clear intent of the constitutional convention to provide a senate which should at all times, as nearly as practicable, be composed of members, one half of whom were experienced in the duties of their offices. The terms of senators and members of the house of representatives, unlike those of most officials, expire at the end of the term for which they are elected. They do not hold until their successors are elected and qualify. In the event of a failure to elect, a vacancy results and continues until it is filled either at a special or

general election. The house of representatives is a new body every two years. After each general election the house ceases to exist as a body, and the new membership becomes the new house. Not so with the senate. It is a continuous body. It never goes out of existence and the purpose of the constitutional provisions on this subject which we have quoted was to maintain a senate which should, at all times, have one half its members, as nearly as practicable, experienced men. The plan adopted is analogous to that of the senate of the United States. The term of United States senators being for six years, the members were divided into three classes, the term of one such class expiring at the end of each Congress, approximately two thirds of the senators being thus old senators. The adjustment of those classes has been so carried forward that the successor of any senator always takes his place in the class to which his predecessor was assigned. If the contention of the respondent in this case be correct, the senate is not composed of two classes as nearly equal in number as practicable, when a reapportionment is made, as was done in 1907, and the number of districts largely increased. If, however, those senators elected in new districts after a reapportionment, from the odd-numbered districts, are elected for terms which expire at the same time that the terms of those in the old odd-numbered districts expire, and those in the new even-number districts expire when those from the old even-numbered districts expire, the program mapped out to begin with the session of 1891 is consistently adhered to, and the purpose of the provisions cited is accomplished. While the provisions are not as clear as they might have been if stated in some other form, yet this construction is much clearer and much easier to reach from the language employed, when we remember the division sought to be made, than would be that contended for by the respondent. The phrase, "except as hereinafter provided," referred to, relates not only to the senators of the even class, elected in 1890, but it is applicable to those elected after any reapportionment at which new districts are created, so far as necessary to bring them into harmony with the plan of the Constitution regarding the membership of the senate and the terms of office of the senators. It happened in this instance that the even-number senators were elected for two years only. Had the apportionment taken place at the preceding session of the legislative assembly, the senators from even-

numbered districts would have held for four years and those from the odd-numbered districts for only two years. The respective endings of the terms of the two classes of senators was forever established by the lot drawn in 1891. To place a literal interpretation on the four-year provision as to the term of senators would classify some odd-numbered with some even-numbered districts, and interminable confusion and disorder would result. An illustration is convincing. By the reapportionment made in 1901, nine new senatorial districts were created and the election of nine new senators provided for. If these nine new senators were all elected for four years and their districts thereby added to one of the two classes as fixed in 1891, the fundamental principle that the two classes remain as nearly as practicable equal in number would be clearly violated and one would thereafter have contained fifteen members and the other twenty-five, and had a second reapportionment followed in a corresponding year, new districts created by the second reapportionment would still further have increased the disproportion in the numbers of the districts in the two classes.

It appears that the senate has construed these provisions in harmony with our understanding of the intent of the constitutional convention. After the reapportionment made in 1901 it was at least assumed that those in one class held for two years and those in the other for four years. We are not advised that any question was ever raised as to the correctness of this construction, but we are advised that elections were held at the expiration of the two-year terms of the senators in one class, and new senators were elected and seated without question.

It is suggested that any decision of this court will be of no force and effect, for the reason that by § 47 the senate is made the judge of the election returns and qualifications of its own members. This court does not attempt to say what members shall be seated. It is simply passing upon the question of law presented with a view to determining whether the action of the county auditor is legal in refusing to file relator's petition and to print his name as a candidate for senator upon the primary election ballot. It is unnecessary for us to consider whether our decision may have any effect upon the action of the senate in the premises should a new senator be elected, and both he and the old senator claim seats in the upper branch of the legislature. The question of the power of the courts to direct the action of the auditor

in such case has been so often passed upon that we deem it unnecessary to discuss it. While it would have been entirely proper for the state to have made the secretary of state a party, yet the proceeding cannot be defeated because he was not joined with the county auditor as a party defendant. When this application was made, the time had long since passed in which the secretary of state was required to certify to the county auditor the offices which were to be filled, and when this court can still reach the officer whose duty it is to receive the petition and print the name upon the ballot, it would be absurd to hold that the right of the public and of candidates were defeated because the secretary of state had not been joined as a defendant. When the court determines that an office is to be filled and directs the action of the county auditor, the ministerial act of certifying a vacancy by the secretary of state becomes of little moment.

The motion to quash is denied and the writ granted. All concur.